UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

| | |
|---|---|
| MICHAEL PLASSE and MICHAEL CARRIERE, Individually and On Behalf of All Other Persons Similarly Situated, | : : : : : |
|      Plaintiffs, | : : : |
| v. | : : | JURY TRIAL DEMANDED |
| | : | C.A. No. |
| NESCTC SECURITY AGENCY, LLC; FACILITY MANAGEMENT INTERNATIONAL, LLC; and MICHAEL J. MALLOY, Individually and in his Official Capacity, | : : : : : |
|      Defendants. | : : |

---

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiffs Michael Plasse ("Plasse") and Michael Carriere ("Carriere"), by counsel and on their own behalf and on behalf of all others similarly situated, individually and as class and collection action representatives, for their Collective Action Complaint against Defendants NESCTC Security Agency, LLC ("NESCTC") and Facility Management International, LLC ("FMI") allege, upon information and belief, except for the allegations concerning Plaintiffs' own actions, as follows:

### I.    NATURE OF THE ACTION

1.    Plaintiffs Plasse and Carriere allege on behalf of themselves and other similarly situated current and former salaried employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i)

entitled to unpaid wages from Defendants for work performed which they did not receive any compensation as well as overtime work for which they did not receive overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.

2.      Plaintiffs further allege on behalf of themselves, and a class of other similarly situated current and former salaried employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid wages from Defendants for work performed which they did not receive any compensation for as well as for overtime work for which they did not receive overtime premium pay as required by the Rhode Island law, particularly, R.I.G.L. §28-12-1 et seq. and §28-14-1 et seq.

## II.      JURISICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, since it is so related to their FLSA claims that they form part of the same case or controversy.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## III.      THE PARTIES

7.      Plaintiff Plasse is, at all relevant times, an adult individual residing in Lincoln, Rhode Island.  From on or about July 30, 2017 to April 11, 2019, Plaintiff Plasse was employed by Defendants NESCTC and FMI as a full-time salaried employee in Cranston, Rhode Island.

8.      Plaintiff Carriere is, at all relevant times, an adult individual residing in Greenville, Rhode Island.  From on or about October 27, 2017 until April 22, 2019, Plaintiff Carriere was employed by Defendants NESCTC and FMI as a full-time salaried employee in Cranston, Rhode Island.

9.      Defendant NESCTC is a Rhode Island corporation doing business in the State of Rhode Island and maintains a principal office location in Cranston, Rhode Island.

10.     Defendant FMI is a Rhode Island corporation doing business in the State of Rhode Island and maintains a principal office location in Cranston, Rhode Island.

11.     Defendants NESCTC and FMI are "joint employers" within the meaning of 29 U.S.C. §203(d).

12.     Upon information and belief, Defendants and the Individual Defendant maintain control, oversight and direction over the operations of Defendants' facilities, including their employment practices.

13.     Upon information and belief, Defendant Michael J. Malloy ("Malloy") is the President of Defendants NESCTC and FMI.

14.     Upon information and belief, Defendant Malloy is an agent, servant and/or employee of Defendants NESCTC and FMI with responsibility over all personnel decisions, including payroll decisions.

15.     During relevant times, Defendant Malloy has been Plaintiffs' employer within the meaning of the Fair Labor Standards Act and Rhode Island wage law.

## IV.     FACTUAL ALLEGATIONS FOR ALL CLAIMS

16.     Plaintiffs and others similarly situated worked for Defendants as salaried employees during the period beginning three years prior to the filing of the instant Complaint to present.

17.     As salaried employees, pursuant to Defendants' policy, Plaintiffs and others similarly situated were responsible for working a 50-hour workweek.

18.     Pursuant to Defendants' policy, on a pay period basis, Defendants reduce the predetermined wages of Plaintiffs and others similarly situated when the Plaintiffs and others similarly situated fail to work at least 45 hours in a workweek unless they "make up the hours" prior to the following pay day.

19.     Pursuant to Defendants' policy, the predetermined weekly compensation of Plaintiffs and others similarly situated is subject to reduction because of variations in the quantity of the work performed.

20.     Pursuant to Defendants' policy, when Plaintiffs and others similarly situated do not work at least 45 hours in a workweek, Defendants prorate their predetermined salary amount by "taking the normal gross salary divided by 50 hours X the amount of hours actually worked in the short week."

21.     On information and belief, Plaintiffs and all others similarly situated perform and/or performed their duties from inside Defendants' facilities.

22.     Defendants required Plaintiffs and others similarly situated to work in excess of 40 hours per week without overtime compensation.

23.     Upon information and belief, Defendants did not keep accurate records of these overtime hours as required by law.

24.     Defendants are aware of the overtime hours worked by Plaintiffs and others similarly situated, but have not compensated them for the overtime hours worked.  For instance, Plaintiffs and all others similarly situated are required to use a time clock to record the time they arrive at work and the time that they leave the work premises.

25.     Plaintiffs and all others similarly situated were required to punch out when they left the premises for meal breaks. Plaintiffs and others similarly situated were not paid for any time they spend off the premises for meal breaks.

26.     Plaintiffs and the similarly situated employees consistently worked more than 40 hours per week without being paid overtime compensation for three years prior to the date of the filing of the within Complaint.

27.     Defendants failed to compensate Plaintiffs and others similarly situated on a "salary basis" within the meaning of the FLSA and Rhode Island's Minimum Wage Act.

## V.      COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiffs brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked at Defendants in the United States, on or after July 2, 2016, who elect to opt-in to this action.  (the FLSA Collective").

29.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are employed or were formerly employed by Defendants as salaried employees on or after July 2, 2016.  (the "FLSA Class").

30.     Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and, as such, notice should be sent to the FLSA Class.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records.

31.    As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Rhode Island wage law with respect to Plaintiffs and the FLSA Collective.

26.    Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  See Exhibit A attached hereto.

27.    During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving any compensation including overtime compensation for the overtime hours worked.

28.    Plaintiffs and the FLSA Collective are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq. and that have caused significant damage to Plaintiffs and the FLSA collective.

29.    Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. §201 et seq. as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

30.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and all others similarly situated and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common policies and plans of misclassifying its salaried employees as exempt from overtime pay, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## VI.    RULE 23 CLASS ACTION ALLEGATIONS

32.    Plaintiffs on behalf of themselves and all members of the proposed Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

33.    Count II is brought as a class action under the RIMWA and RIPWA pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure as defined as follows:

> All persons who worked as salaried employees for Defendants in Rhode Island at any time since July 2, 2016 (the "RIMWA and RIPWA Rule 23 Class").

34.    Members of the proposed Rule 23 Class are so numerous that joinder is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. The identities of the members of the proposed Rule 23 Class may be ascertained from the files and records of Defendants.

35.    There are common questions of law and fact affecting members of the Rule 23 Class, including whether Defendants failed to keep accurate time records for all hours worked, the proper measure of damages sustained by the class members and whether Defendants should be enjoined from such violations in the future.  The requirements of Rule 23(a)(2) are met.

36.    Plaintiffs' claims are typical of the claims of the Rule 23 Class because they suffered harm due to the failure of Defendants to pay them overtime compensation for the weeks in which they worked over forty (40) hours during the relevant period.  The requirements of Rule 23(a)(3) are met.

37.    Plaintiffs will fairly and adequately protect the interests of the proposed Rule 23 Class pursuant to Rule 23(a)(4) because their interests are not inconsistent with or antagonistic to the interests of members of the proposed Rule 23 Class.  Plaintiffs have retained counsel experienced in wage and hour class and collective actions litigation.

38.     The prosecution of separate actions by individual member of the class would create a risk that inconsistent or varying adjudications with respect to individual members so the class would establish incompatible standards of conduct for Defendants in opposing the proposed Rule 23 Class and would substantially impair or impede the interest of the other members of the proposed Rule 23 Class to protect their interests.  Certification under Rule 23(b)(1) is appropriate.

39.     The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation when individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  The members of the proposed Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common practices and uniform policies.  The damages suffered by class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.  Certification under Rule 23(b)(3) is appropriate.

40.     Plaintiffs intend to send notice to all members of the proposed Rule 23 Class to the extent required by Fed.R.Civ.P. 23.

## VII.    CLAIMS FOR RELIEF

41.     Plaintiff incorporate the allegations contained in ¶¶1 through 40 above in the counts set forth below.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act—Overtime Wages**
**The FLSA, 29 U.S.C. §§201 *et seq.***
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

42.    Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

43.    At all times relevant to this Complaint, Defendants have been and continue to be an "employer" within the meaning of the FLSA (29 U.S.C. §207(a)(2)).

44.    At all times relevant to this Complaint, Defendants have "employed" Plaintiffs and others similarly situated suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

45.    The FLSA requires a covered employer, such as Defendants, to compensate all employees properly classified as non-exempt at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

46.    During their employment with Defendants, within the applicable statute of limitations, Plaintiffs' worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs and others similarly situated, Defendants in bad faith and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them wages due, including overtime compensation.

47.    By failing to accurately record, report and/or preserve records of hours worked by Plaintiff and others similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §201 *et seq*.

48.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

49.     Plaintiffs and others similarly situated seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§216(b) and 255(a), declaratory and injunctive relief, and such other legal and equitable relief as the Court deems just and proper.

50.     Plaintiffs and others similarly situated seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
**Rhode Island Minimum Wage Act—Overtime Wages**
**R.I.G.L.  §28-12-1 *et seq.***
**(Brought on behalf of Plaintiffs and the FLSA Class)**

51.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

52.     At all times relevant to this Complaint, Defendants were an "employer" of Plaintiffs and others similarly situated within the meaning of the Rhode Island Minimum Wage, §28-12-1, *et seq.*

53.     At all times relevant to this Complaint, Plaintiffs and others similarly situated were "employees" of Defendants within the meaning of the Rhode Island Minimum Wage Act, §28-12-1, *et seq.*

54.     At all times relevant to this Complaint, Defendants employed Plaintiffs and others similarly situated, suffering or permitting them to work within the meaning of the Rhode Island Minimum Wage Act, §28-12-1, *et seq.*

55.     Defendants failed to pay Plaintiffs and others similarly situated for all hours worked in violation of the Rhode Island Minimum Wage Act, §28-12-1, *et seq.*

56.     Defendants failed to pay overtime premiums to Plaintiffs and others similarly situated for all such work hours in excess of 40 hours per workweek, in violation of the Rhode Island Minimum Wage Act, §28-12-1, *et seq.*

57.     Such failures constituted outrageous conduct, made knowingly and willfully because Defendants' evil motive or reckless indifference to Plaintiffs and others similarly situated rights.

**THIRD CAUSE OF ACTION**
**Rhode Island Payment of Wages Act—Overtime Wages**
**R.I.G.L.  §28-14-1 et seq.**
**(Brought on behalf of Plaintiff and the FLSA Class)**

58.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

59.     By the aforementioned acts and omissions, Defendants have willfully and repeatedly violated the provisions of R.I.G.L. §§28-12-4.1, 28-12-4.2 and 28-14-2 by employing Plaintiffs and others similarly situated for workweeks longer than forty (40) hours without compensating Plaintiffs and others similarly situated at a rate not less than one and one-half times the weekly regular rate properly computed by including full wage payments, as required by the cited Rhode Island wage and hour laws.

60.     Defendants stand jointly and severally liable to Plaintiffs and others similarly situated for willful violations of the overtime wage payment requirements of the Rhode Island wage and hour laws by refusing to pay Plaintiffs and others similarly situated properly computed overtime premiums for all overtime hours worked by Plaintiffs and others similarly situated in each workweek as required by the cited Rhode Island wage and hour laws.

61.     Defendants stand jointly and severally liable to Plaintiffs and others similarly situated for all unpaid wages, an additional amount equal to or double the amount as liquidated

damages, their reasonable attorneys' fees and statutory interest given the knowing and willful character of the Defendants' violations of the cited Rhode Island was and hour laws.

## VIII.  <u>PRAYERS FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

a.      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b);

b.      Judgment against Defendants finding they misclassified Plaintiffs and those similarly situated as exempt during all relevant times;

c.      Judgment against Defendants for Plaintiffs and the similarly situated employees' unpaid back wages at the applicable overtime rates;

d.      An amount equal to their damages as liquidated damages;

e.      A finding that Defendants' violations of the FLSA are willful;

f.      All costs and attorneys' fees incurred prosecuting this claim;

g.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

h.      Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i.      Leave to amend to add additional state law claims;

j.      Determine the damages sustained by Plaintiffs and others similarly situated as a result of Defendants' violations of 29 U.S.C. §§206 and 207 and award those damages against Defendants and in favor of Plaintiffs and others similarly

situated, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment and post-judgment interest as may be allowed by law;

k.    Determine the damages sustained by Plaintiffs and others similarly situated as a result of Defendants' violations of R.I.G.L. §§28-12-1 *et seq.* and §§28-14-1 *et seq*. and award those damages against Defendants and in favor of Plaintiffs and others similarly situated, plus an additional equal amount as liquidated damages pursuant to R.I.G.L. §28-14-19.2, plus such pre-judgment and post-judgment interest as may be allowed by law;

l.    Determine the damages sustained by Plaintiffs and others similarly situated as a result of Defendants' violations of R.I.G.L. §28-14-19.3, and 29 U.S.C. §215(1)(a) and award those damages against Defendants and in favor of Plaintiffs and others similarly situated and such pre-judgment and post-judgment interest as may be allowed by law;

m.    Require Defendants to provide an accounting to Plaintiffs and others similarly situated of the amount of damages incurred by them and to provide for the fair and equitable distribution of all damages awarded in this action;

n.    Award Plaintiffs and others similarly situated their costs and disbursements of this suit including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

o.    Enter a permanent injunction ordering Defendants henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

p.   Grant Plaintiffs and others similarly situated such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs as Class Representatives, on behalf of themselves and the proposed Rule 23 Class, prays for relief as follows:

a.   Certification of the proposed Rule 23 Class as a class action pursuant to Fed.R.Civ.P. 23 and the appointment of Plaintiffs as Class Representatives and their counsel as Class Counsel;

b.   Judgment against Defendants finding they misclassified Plaintiffs and the proposed Rule 23 Class as exempt under the RIMWA during all relevant times;

c.   Judgment against Defendants for Plaintiffs and the proposed Rule 23 Class's unpaid back wages at the applicable overtime rates;

d.   All damages, civil penalties, liquidated damages and prejudgment interest available;

e.   All costs and attorneys' fees incurred prosecuting this claim; and

f.   All further relief as the Court deems just and equitable.

## IX.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts so triable.

## X.   DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Louise A. Herman, Esquire as trial counsel.

PLAINTIFFS,
By their attorneys,

HERMAN LAW GROUP

/s/  *Louise A. Herman*

_____
Louise A. Herman (#6430)
1445 Wampanoag Trail, Suite 104
E. Providence, RI 02915
(401) 277-4110
(401) 433-0139 (fax)
Email: lherman@lhermanlaw.com

Dated:  July 2, 2019